UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF IOWA

In Re:                              )       CHAPTER 13
                                    )       Case Number
CHRIS ALAN BOWSER,                  )
                                    )       CHAPTER 13 PLAN
        DEBTOR(s).                  )

There shall be paid to the Chapter 13 Trustee **$763.57 each month** by debtor(s), or any entity from whom debtor(s) receive income, in such installments as agreed upon with the Trustee, for payment of all existing debts of debtor(s) pursuant to this Plan, except as the Court may otherwise order.  Debtor(s) agree to submit **all future disposable income** to the supervision and control of the Trustee during the pendency of this case to include bonuses, non-exempt income tax refunds and additional amounts at such time as payments on secured debt paid directly by the Debtor have been paid in full, and agree to pay sufficient funds to the Trustee on or before **five (5) years** with the first payment due on or before thirty days after the filing of the Petition.

1. **ADMINISTRATIVE CLAIMS**.

Trustee shall disburse dividends to all section 1326(b) claims and charges in advance of all other claims, unless priority expressly waived.  All other section 1322(a) and section 1305(a)(1) claims allowed shall be paid in full by deferred payments in such priority and installments as the Trustee in her sole discretion deems appropriate.

Attorney fees in the amount of **$2,500.00** have been requested and shall be paid through this Plan and shall be paid before payment of any other dividends to creditors.

2. **SECURED CREDITORS RE: REAL ESTATE OR MOBILE HOMES**.

Notwithstanding provisions of paragraph 3, debtor(s) during the pendency of this case shall make, and following completion of this case shall continue to make, the usual and regular payments (including any balloon payments) called for by any security agreements for non-voidable liens against debtor(s) real estate or mobile home, directly to below named lienholders in a current manner.  However, arrearages to named lienholder (their agents and assigns) shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and, except for creditors in paragraph 1, or specifically named in paragraph 3 of this plan, shall be paid in advance of periodic distribution to other creditors.  Each named creditor shall be paid in installments indicated until arrears claim is paid in the amount allowed plus interest at ten percent (10%) per annum, unless a different percentage is specified below.

| Name of Creditor | Arrearages |
|---|---|
| Bank of America | Arrearages shall be paid by the Trustee with interest at 7%. Debtor shall pay the Creditor directly |

        monthly payments beginning with the August, 2015 payment.

Provision of this paragraph shall cooperate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof or by the laws or processes of a government unit, the time for redemption or reinstatement has expired.  If there exist creditors not named in this paragraph holding statutory or other liens against debtor's real estate or mobile home and the obligation is fully due, for reasons other than the exercise of power of acceleration for failure to make installment payments, unless the Court under section 362(d) orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months time following the date of confirmation of this plan.

3. **SECURED CLAIMS, PERSONAL PROPERTY.**

After payments provided for by Paragraphs 1 and 2, Trustee shall make payment to creditors (their agents and assigns) named in this paragraph whose allowed claims are secured solely by personal property.  Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest as specified below.

Name of Creditor

Ally                                               Trustee shall pay any arrearages plus contract interest. Debtor shall pay this creditor directly beginning in August, 2015.

Holder of claims allowed as secured solely by personal property, other than creditors specifically named above, shall be paid dividends pro rata with other such creditors to the amount allowed plus interest at a specified rate and in advance of distribution to general unsecured creditors.  Any creditor holding a lease on personal property in debtor(s) possession who files a claim, unless otherwise specifically dealt with by this Plan, shall be treated as a secured creditor.

4. **SECURED CLAIMS DISTRIBUTION:**

The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim shall be not less than the allowed amount of such claim; and if:  (a) the property to be distributed pursuant to this subsection is in the form of periodic payment, such payments shall be in equal monthly amounts, and (b) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

5. **PRIORITY CLAIMS:**

Claims for Federal, State of Local tax obligations which have a priority status shall be paid in full prior to the payment of unsecured non-priority claims.

Name of Creditor
Internal Revenue Service

6. **UNSECURED CREDITORS:**

After dividends to all other creditors pursuant to this Plan, Trustee shall pay dividends pro rata on claims allowed unsecured herein in full satisfaction thereof.

7. **LIEN RETENTION OR AVOIDANCE**.

Debtor(s) hereby elect to avoid the fixing of liens pursuant to section 522(f), Bankruptcy Code.  All secured creditors, except those whose liens are avoidable pursuant to 522(f), shall retain their liens until paid as provided for by this Plan.
The holder of a secured claim shall retain the lien securing such claim until the earlier of:
a. the payment of the underlying debt determined under nonbankruptcy law; or
b. discharge under section 1328; and

If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law.

8. **REJECTION OF CLAIM, SECURED CREDIT.**

Debtor(s) elect not to assume the lease or contract with creditor(s)(their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any and all claims, secured and unsecured, creditor may have against debtor(s) arising from the transaction creating creditor's interest in said property.

Name of Creditor                              Collateral

NONE.

9. **EXCLUSION OF CREDITOR.**

Notwithstanding any other provision of this Plan, debtor(s) elect to assume the existing lease or contract with creditors named in this paragraph.  These named creditors shall not be dealt with or provided for by this Plan.

Name of Creditor                              Collateral

NONE.

10. **CO-DEBTOR CLAIMS**.

Notwithstanding any other provision of this Plan, creditors (their agents or assigns) named in this paragraph who have allowed claims with a co-debtor liable thereon, shall be paid by the Trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) installments as indicated. Installments to be paid in advance of all claims except those allowed under paragraphs 1, or specifically named creditor in paragraphs 3 and 4, from funds available for distribution monthly non-cumulative. If a creditor named herein is also secured by personal property dealt with by this Plan, installment will be paid in the same priority as named secured creditors provided for by paragraph 3. If no contract rate of interest is specified in the claim, pay the interest rate specified below.

Name of Creditor             Installment         %Interest

NONE.

11. **SUPPORT CLAIMS**.

Notwithstanding any other provision of this Plan, creditor named in this paragraph who have allowed claims of a spouse, former spouse, or child of debtor(s) (their agents or assigns) in the nature of alimony, maintenance or child support in connection with a separation agreement, divorce decree, or property settlement agreement shall be paid: (a) as to amounts due and payable at the commencement of the case as an unsecured creditor but in full 100% claim as allowed and in advance of all other general unsecured creditors; (b) as to amount due and payable after commencement of this case, by debtor(s) directly to such creditor as such payments become due and payable, except as the court may otherwise order.

Name of Creditor

NONE.

12. **STUDENT LOAN CLAIMS/RESTITUTION CLAIMS.**

Notwithstanding any other provision of this Plan, creditors named in this paragraph with allowed claims for government guaranteed student loans or restitution shall be paid in the same manner as other unsecured claims. Any remaining balance due said creditors at the conclusion of this Plan shall remain due and payable.

Name of Creditor

NONE

13. **POST-PETITION CLAIMS.**

Claims allowed for post-petition debts incurred by debtor(s) may be paid in full and in such order and on such terms as the Trustee, in her sole discretion, may determine. Trustee may file to dismiss case if debtor(s) incur post-petition debts without the written consent of the

Trustee and debtor(s) fail to keep such obligation current in payment.

14. **GENERAL PROVISION**.

Property owned or acquired by debtors during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these Plan provisions.  Notwithstanding section 1329(a), Trustee may bring a motion anytime within the length of the Plan to modify debtor's Plan to meet the criteria of 1325(b).


Plan Dated: July __24__, 2015          Debtor  */s/ Chris Alan Bowser*_____
                                              Chris Alan Bowser